Thank you, and we'll go on to the next case on calendar is Abhijit Prasad v. Gail Simmons, 1-9-15799. That was submitted on the briefs and will be submitted as of this date. The next matter on for oral argument is United States of America v. Felix Cisneros, case number 18-50410. Each side has 15 minutes, and I see we have, it looks like our counsel is here, so we're having one side, one person's arguing each side, correct? That's correct, Your Honor. Okay, all right, so we're ready, so you can go ahead. Good afternoon, Your Honors, and may it please the Court, my name is Margaret Theron, I'm from the Federal Public Defender's Office, and I'm here on behalf of the defendant and appellant Felix Cisneros, Jr., and I'd like to reserve two minutes at the end of my argument for rebuttal, please. Okay. No, I've got some questions, and I want to, because I see this case, I probably, you know, some of the things that I'm seeing here would be favorable to you, but they were not arguments that you made, and so I want to ask you about those, because, all right, on the conspiracy charge, I mean, my understanding of this is he had, I want to say, seven charges, two were not guilty, one was dismissed, and then he was found guilty of four, right? Correct, Your Honor. Okay, and so then we have the conspiracy charge, then we have the agency charge, and then we have two different charges that are based essentially on the SF-86. That's correct, Your Honor. And we sort of interestingly have, you can't help miss the karmic here, in terms of the claim that this guy was, Garcia was a CI, and then when he wasn't, then he later is the CI that gave him his client, so that being said, but the questions that I have, all right, on the conspiracy charge, all right, there are a couple types of conspiracies. You can just aid an illegal alien, or immigrant, or whatever you want to say, or you can do someone with an aggravated felony, and that's what he's charged with, okay? Conspiracy to do that, yes, Your Honor. Conspiracy to do that, and it seems that both of you have drunk the Kool-Aid in the sense that you're focusing on the intent. I'm trying to look at it from the standpoint of a prosecutor, you know, what do you have to prove? And for a conspiracy, I think that there's, I'm finding a good argument, that's why we asked you to talk about FIOLA, that it was an element that the prosecutor was required to prove that he was, in fact, an aggravated felon, which it's undisputed that he was not. Correct, Your Honor. So, but your arguments focus basically, everyone seems to be focusing on what he thought, or whatever, as far as that goes, but if it is, in fact, an element that the prosecutor has to prove, much like I would say, I was trying to think all this through, because you have some of these cases, and let's just say, like bank robbing cases. You have to have, you have to prove that it was a federally insured institution, and if the government doesn't prove that, I've had cases where it's been found insufficiency of evidence, because they don't bother to prove the Bank of America is a federally insured institution, and therefore there's been a failure of proof. I'm seeing the government argue that somehow their proof changes by virtue of the fact that it's a conspiracy, so that they no longer have to allege what all the proved elements are of the underlying offense, and you're not really hitting hard on that, and that's something that's really troubling me about this here. Well, Your Honor, I don't know if Your Honor has been able to see the supplemental authorities that I've filed in the last few days. Right. I've been looking at those, yes. Yes, Your Honor. So, my understanding, Your Honor, of FIOLA is that, as the government said, there are two types of conspiracies. You have to have either the actual status existing, or you have to have an agreement that it existed. If you don't have either one of those, then there's a failure of proof. In FIOLA, the court talked about the two purposes of conspiracy, which are an incohate crime, so you'd need the actual status to be satisfied there, because it's approaching the real crime. Or there's the agreement, which is a separate harm that conspiracy is aimed at, and if you don't have an agreement on that element either, then there's a failure, and here we don't have either, Your Honor. As Your Honor pointed out, he was not an aggravated felon. That status element is nonexistent, and what I've said, and I'll be belatedly, perhaps, with clarity, is that there must, in that instance, because we don't have a real status of an aggravated felon, at minimum, we need to have an agreement between Cisneros and one of the co-conspirators that he was an aggravated felon. Not only must Cisneros have had to know that, as the government now concedes, but at least one other person who was supposedly conspiring with him had to also have that element in mind. Otherwise, all you have is an agreement to assist a person who nobody ever agreed was an aggravated felon, and who was not actually an aggravated felon, neither would be satisfied at that point. As Fiola said, all you would have, absent the federal officer element, you'd simply have an agreement to assault a person under state law. The person was not- Well, they seemed to hoist him in his own petard in the sense that apparently, you know, he made some statements later, and he said, yeah, I, there's that, in the coffee shop or whatever, where he was being questioned, that I, yeah, I knew he was an aggravated felon or whatever. But I guess the hypothetical that I'm sort of thinking through in this, if it were a federally insured bank, as far as that goes, that it would be like, let's say you got these guys that decide they're going to go rob the 7-Eleven, they rob the 7-Eleven, and then later, when one of them's being questioned, the officer says, you know, there's an ATM in that 7-Eleven, and that makes it a federally insured, and he goes, oh, yeah, you're right. And so, then do you have, do you have a conspiracy for bank robbery? No, Your Honor, and there are two reasons. First of all, the very, even assuming that that were sufficient to show that that person knew that element, that's only one person, that's not an agreement to that key element, so that would fail. But moreover, Your Honor, knowledge and intent for conspiracy are subject to a heightened standard of proof. The jury isn't simply free, as in the normal case, to make any inference from the evidence that's reasonable. Under Ingram, that was submitted as a supplemental authority. Also, the United States v. Medina, 940 F. 2nd, 1247. No, if the prosecutor had charged him with the lesser one of just giving an illegal, you know, here, that, that would be easy. I mean, you'd have a hard, you'd be pushing a rock uphill, whether there's sufficiency of the evidence here. Right? Right, Your Honor, yes. I mean, you can concede that without losing the case. So. I, well, actually, Your Honor, I, my position is I don't think that that would be so difficult to prove, because maybe Cisneros knew he was a, was, was an inadmissible alien, but I do not think the evidence is sufficient to show that Garcia knew that, because he had been 1603. He had come into the United States on July, July 15th, and, sorry, left on the 15th, come on the 17th. That's ER 1602. In any event, he had been fine, except for this new warrant that came out of Burbank. His prior convictions were from 2003 that supposedly made him inadmissible. So I don't think he knew that, but. I'm not trying to hijack your time, but I have a lot of questions. Of course. So, on the SF 86. Correct. Which was the second, the counts three and four that he was convicted of. That was the basis of that. Now, my understanding, just factually, okay, he cut off, it seems to be undisputed that in January of 2014, he stopped having contact with Garcia. Correct. In August, he filled out the SF 86. Correct. All right. Now, the way that this was argued to the jury, and everyone seemed to, I guess the jurors did not get, they didn't actually get instructions of what the SF 86 said, but I think the prosecutor talked about it in his closing argument. But then what he said is that it covers the whole seven years, and, but when I'm looking at the plain language of the SF 86, it appears that the relationship has to exist as of the date that you fill out the SF 86. It says R bound. That's correct, Your Honor. Yes. It says R bound. So how, since it's undisputed that, I mean, no one really argued that point in front of the jury. Everyone just sort of assumed that it was just argued like it was the seven years, and then there was arguments, oh, it's ambiguous or whatever, and the jury never saw it. But when I'm looking at, I'm not sure the question is ambiguous, but when I'm looking at the plain language of the question, it seems that the relationship has to be at the time that you filled it out. The plain language absolutely says that, Your Honor. It said, do you have or have you had these close and continuing contact with a person with whom you, your spouse or cohabitant, are bound, that is currently R bound. And as Your Honor pointed out, eight months had elapsed and he had not had contact with Mr. Garcia during that time. But no one, but everyone argued the case like it didn't matter in any time in the seven years. Well, I think, Your Honor, that's true. Nobody did, but I do think that this goes to the ambiguity point as well. This is a fundamentally ambiguous question, Your Honor, at best. I mean, what does it mean? Other questions in the form don't have this current limitation on it. They say, at any time during the past seven years, have you done X, Y, or Z? Those are the other questions that say that. This question specifically, as Your Honor said, limits it to current status. And so what does that mean? It is as to past contacts. There is a disjunctive phrasing of close and or continuing contact, such that the close contact doesn't need to be continuing to qualify. Well, but Your Honor, but it says with a person to whom you are bound. So I think the close and or continuing contact with a person, and that person must be a person to whom you are bound. And the word R... And or obligation. You're bound by and or obligation. But I understand your argument. Before your time runs out, I do want to circle back to count one again. Setting aside the late argument that you raised in the 28-J letter regarding the proof that the government has to show in terms of co-conspirators, I don't know that FIOLA really answers the question regarding proof of status. And specifically, whether in this case, proof that the defendant believed that Garcia was an ag felony is enough. So I think that FIOLA left open that door. And with regard to answering that question, how would you distinguish this case if we were to go your way from cases like prosecutions under, for example, 2422B attempted attempted to induce a minor to engage in sexual activity where we've already held that it's enough if defendant believed that the victim is a minor, even though the victim is really an adult. Or cases like 846, 841 drug conspiracies where the defendant may have intended to distribute one substance, but it turned out to be another. So wouldn't there be a direct conflict if we were to go your way on this question? I don't believe so, Your Honor, because as FIOLA said, the harm is the conspiracy. And if there is no agreement on the aggravated felon element, then there's no agreement to the same crime. 1324 is the general inadmissible alien statute. If another member of the conspiracy thought that the person was an inadmissible alien, but Cisneros thought that he was an aggravated felon, there's no meeting of the minds on the crucial element of that statute. And also I would distinguish it as this is an element that aggravates the seriousness of the offense over another statute. Right. I think I'm not making my question clear. I understand the late raised argument regarding meeting of the minds. And so there's I'm assuming the government's going to try to argue waiver on that. And I think that if it's not the way that's that's quite a difficult question. But assuming that we set that argument aside, whether on waiver ground or or say that you answers the question of does the government need to prove more than just that the defendant believed Garcia was an aggravated felony when in fact he may not be so kind of a mistaken belief. And I'm looking at the line of like impossibility line of cases and other cases like prosecutions for an attempt to induce a minor into committing sexual offenses, for example, where a mistaken belief really does not do the prosecution. So how would we reconcile those cases? In those cases, your honor, you have the mistaken belief on the part of more than one person. You have the mistaken belief that there is a stash house or that there is a certain amount of drugs or that the person is, you know, or that the person is a minor or whatever it may be here. If another member of the conspiracy didn't have that belief, you have a unilateral belief. You don't have a conspiracy to do a thing that would violate that statute. And I think that the closest case that I found to this in this circuit is the Gillette case. In that case, the court said we don't have the actual status here. We don't have proof that this gambling operation went on for five, involved five people and went on for 30 days. So it's like an impossibility case. Maybe this didn't actually happen. But what the court then did was it looked to the intent of the two conspirators who were supposedly involved. It didn't look just to each one of their intent. It said, did these two people believe? What if it's not a conspiracy case? What if there's no 371 charge and it's simply a person who basically assisted an inadmissible alien to illegally remain in the United States? And that alien is an aggravated felony. If the government proved as to that single defendant case that the defendant believed the person he assisted was aggravated felony, is that enough to sustain the conviction? No, Your Honor. The person must actually be an aggravated felon to sustain an actual conviction of the substantive offense. That person would have to be aggravated. Then that gets to my question, which I'm not sure that you answered or that I understood your answer. If it's a single defendant case and we set aside the conspiracy argument and whether there's bleeding of the minds, how does holding that in that circumstance the defendant shouldn't be convicted get reconciled with the cases that I'm talking about in other contexts where the prosecutions were sustained? I think that it's reconcilable because in a conspiracy case the harm is the agreement and there's the belief that this element exists. That's a belief shared by two people and that's a distinct harm. Whereas if there's not that agreement and if the core of the offense is not conspiracy or agreement, the harm then comes from the actual offense and the element must in fact be met. Or there is no substantive guilt of that offense. I'm kind of the cases I think that Judge Wynn is touching on. The sting cases, say like you, it's a police officer that's not really a 13-year-old girl. I mean, I think we've upheld that those type of cases are just absolutely fine. So I guess how do we make sure that if... I'm inclined to agree with you. If they just charged him without the conspiracy and the aggravated felon was an element of it, to me it seems pretty simple that you would have to prove that they're an aggravated felon. Okay, the conspiracy gets a little more dicey for me. But let's just say I were to agree with you that there's insufficient evidence here. How does that affect the sting cases? Can you clarify, please, the sting cases? Well, the sting cases, like when law enforcement sets up, they're not really... Sometimes like you, the property isn't really stolen because the person, they set up a storefront and then people come in and fence stuff or that. Or cases where they set up chat rooms and it's really an officer, not a 13-year-old girl. The status does not actually exist. But there's this... It doesn't matter because there's an agreement between the defendant and another person that it does exist. The defendant and another person both believe that they are going to be encountering a minor. That is the harm. It's that agreement to that key element. And here, we don't have the underlying status. That's understood. Some of those cases, I think you really only have the defendant and the police officer. And then they show up and then it's, oops. They go show up and then there the guy is standing in his boxer shorts and it's, hi, we're the police. I'm not aware of any case that is held that when an element is not just merely jurisdictional, that it is enough to prove that only the defendant believed that the status element was met. Other than when it's a purely jurisdictional element that doesn't aggravate the status. I have a cite for you. U.S. v. Meek, a Ninth Circuit case in 2004. There was a defendant. He thought he was inducing a minor, but really the person that he tried to induce into engaging in sexual activity was actually an adult and the conviction was affirmed in that case. Was that a conspiracy case, Your Honor? It was not a conspiracy case. That's why I said set aside the conspiracy issues because I know you're raising distinct issues on, you know, there's no meeting of the mind because it's a conspiracy case and if you've got a single defendant who basically thought that the victim was a minor but in fact the victim ended up being an adult. That conviction is sustained. Or if you've got a defendant who, you know, attempted to traffic cocaine and it turned out to be something else. That conviction, I think we've sustained that as well. So here you've got, let's say, a single defendant who is charged with the 1327. He believed that the person he's trying to help is an aggravated felony but as it turned out, you know, the rap sheet didn't bear that out. So now the question is should that conviction also be sustained? And under your argument, no it shouldn't be sustained because the status element is something that the government has to prove is factually correct. And so there would be tension then between that holding and I think the cases where there's mistaken belief as to the status of someone being a minor and it turns out they're an adult. So that's what I'm looking for, like how would we best reconcile that? First of all, because we are not dealing with a substantive offense here, we really are dealing only with conspiracy. I don't know that NEEC is pertinent at all because we do have conspiracy. But nevertheless, I don't know what the underlying statute in NEEC was. It sounds like it was a very different kind of statute and whether the actual status was required under that statute, I think is a very different question here because we have in Flores Garcia talking about how 1327 is a different statute from 1324 because of the aggravated felon element. If that person who's being aided and assisted turns out to be an aggravated felon, it's a different aggravated and more serious crime. And I'd like to point out too Cisneros was originally charged in the original indictment with the substantive offense. The government dismissed that and decided to only go with conspiracy because I believe it couldn't prove that underlying charge because that status element was not met. The only prior conviction of Mr. Garcia that the government contended was an aggravated felony was a Texas conviction, that's his ER-75, a Texas conviction of credit card abuse. That was not on any of the text screens that Mr. Cisneros viewed at ER-1482 and on. I wanted to point that out. I just wanted to give you a chance to respond to the government's waiver argument with regards to the conspiracy because that's a very different argument that you're raising in the 28J letter that had not, as I understand it, been raised before. So why isn't it deemed waived? Your Honor, this court under Rich v. Gonzalez 500 F3rd 850 868 2007 it will address a pure question of law if the opposing party will suffer no prejudice from this court doing so. Whether or not the government was required to show that all conspirators believed that the aggravated felony element was met is a pure question of law and so I do not think that it would be appropriate to find waiver here. I think this is something that would be appropriate for this court to decide. Although, I don't think that it's necessary for the court to do so because I don't think there was any agreement to violate the law at all for the reasons that are explained in my brief. All right. Well, we've gone way over but I'll probably give you one or two minutes for rebuttal depending on what the government says and if we have more questions. Okay? Thank you. All right. Mr. Alden? Good afternoon, Your Honors, and may I please the court. Graham Alden for the United States. This court should decide the case the way it was argued in the trial court and the way it was briefed on appeal which is to say that indeed the court should hold that the defendant has waived the brand new argument that she has raised in 28 J letters. The pure question of law exception applies only to claims that are not preserved in the district court but when you fail to make an argument on appeal you waive that issue for purposes of appeal and you can see the prejudice that the government is suffering which is that I don't even know the Meek case. I didn't have the opportunity to respond to most of these arguments. But the whole thing is you've known all along going into this that Mr. Garcia was not an aggravated felon. You knew that starting the whole thing. So I'm just, I'm having a hard time getting my arms around the fact that it seems to me if you had charged him standalone you would have to approve that, you would have to approve as the element his aggravated status or you would have to charge him under the other section which is a lesser section. And that suddenly if you go the conspiracy that that lets enter burden. So I don't actually know the answer given what Judge Wynn is raising about the Meek case. There may well be an argument that we could have charged him and actually prosecuted him just for the substantive offense even without the aggravated felon status element. If not, we could certainly have charged an attempt crime where you can't meet every single element but you do attempt to bring in someone you believe to be an aggravated felon. You can't claim at this point that because you never heard of that case or you didn't think it through that way that you're somehow, I mean you know, prosecution 101 is you charge people with what you think you can prove and what are the elements that you have to prove and you look to all the different ways and that it was a weakness in your case that he wasn't an aggravated felon and you picked an approach and if it doesn't work if the law doesn't support it then you left out an element of what you had to prove, right? Well, I would like to address the merits. While I do think it's waived, if the court does reach the merits of this question, it should hold and follow the Rosa case from the Second Circuit, which is to say that for the purpose of a conspiracy charge, the status element is comparable to a jurisdictional element, which is an element that only one member of the conspiracy needs to believe to be true in order to affirm the conspiracy conviction and the Rosa logic is actually consistent with this court's precedent in Roselli, which the defendant cited in a 28J letter before effectively retracting that but the Roselli case says that for purposes of a conspiracy count, this court held that you do not need to show a meeting of the minds with respect to a jurisdictional element and that makes sense as to a status element too because the status element, like a jurisdictional element, is not even something that the government ordinarily has to show the defendant harbored the requisite mens rea about. So Flores Garcia, this court's 1327 case says that we do not need to prove that the defendant had the requisite mens rea as to the fact of the alien's aggravated felon status. I'm not sure that Rosa really answers the question, counsel, because there may very well be a meaningful distinction between a purely jurisdictional element like the interstate commerce jurisdictional element and the status as an aggravated felon, which seems to be a little bit more substantive and do we have any case law that answers that question as to whether the status element of an aggravated felony is just the same as a jurisdictional element such as interstate commerce? No, we don't have any cases that answer that question directly. The reason I think, though, that the analogy does make sense is that the defendant argues that the aggravated felon status element creates a more serious crime because we prosecute this under 1327 as opposed to 1324, but the federal jurisdictional element creates a crime. Without the federal jurisdictional element, there is no federal charge whatsoever. Clearly, a defendant is subject to greater penalties under federal law. In fact, the defendant would be subject to zero penalties under federal law without the federal jurisdictional element. Let me ask you this about my bank robbery. If you're doing a bank robbery, you have to show it's a federally insured institution, right? Yes. And if you charge a conspiracy, does that eliminate you having to prove that? I think that yes, it would. It would say that if the defendants believe the bank to be a federally insured institution, that that would suffice. Do you have any case to that effect? Sorry? Do you have any case to that effect? I think that Roselli is the closest... So you're still going with the jurisdictional cases? Well, I think that the jurisdictional cases are, in fact, the same as the federal insured status line of cases, because those exist for the purpose of securing federal jurisdiction. The reason the government... Do you have to prove any of the other elements? Robbery? There would be no doubt. If you charge the robbery of Bank America and under the federal statutes, you have to show it's a federally insured, right? Yes. Not just what he thought. Correct. Okay, so then you say when you go to conspiracy, now then you don't need to prove that. What about any of the other elements about robbery? Do you have to prove those for the conspiracy? You would have to prove a meeting of the minds as to the essential elements of the crime, and that's the Blumenthal all the way down the line of cases in all of its progeny, which is to say, in this context, the meeting of the minds must be as to we are attempting to aid the entry of an inadmissible alien, and that's exactly how the parties argued this case in the trial court and briefed it on appeal, which is the government had to prove that there was an agreement to assist or aid the entry of an inadmissible alien. But you could have charged a different section that wasn't the aggravated felon, right? Yes, Your Honor. But you chose not to. I think looking back on it, would I now charge it as a 1324 case? Perhaps. And another interesting facet of the defendant's argument is that if we had charged this as a 1324 case where they conspired to hide or disguise the fact that this inadmissible alien was indeed inadmissible, he would have been subject to the exact same 10-year statutory maximum penalty under 1324 where there is a conspiracy to hide the fact that somebody is here illegally. So it would have been as serious an offense, which is another reason I don't think the defendant's argument holds water. The final reason I would really urge this court to consider is how complicated it is to determine that somebody is an aggravated felon when considering whether that should be an element for which there must be a meeting of the minds. Because this court is very well aware, I'm sure, of how difficult a labyrinth just the court has to go through to apply the categorical approach to determine that someone is an aggravated felon. So to hold that that is an element for which the defendants in a conspiracy must all agree, when even today I think most of us might disagree on whether this was an aggravated felony, is simply something that would eviscerate the conspiracy charge in this sort of a case. It's not hard here. He's a misdemeanor, right? He's a felon, Your Honor. He served two years in prison for his California state offenses. So he is indeed a felon. The question is merely whether those qualify as aggravated felonies under the categorical approach. The other issue I would like to address at least briefly is Judge Callahan's question about counts three and four. Again, I think the court should decide the case the way it was argued in the trial Talk to me about the plain language of the statute. You read it and then you said, but it doesn't really mean that. It just means that he's been in the seven years. So you know, Mr. Cisneros obviously, and the jury never was instructed as to what the question actually was. And I think we can't you know, Mr. Cisneros and no public defender. There's nothing about this case that you think like oh my gosh, this is exactly how we want our law enforcement officers to act. Okay. So he has a lot of prejudice surrounding him in terms of the things that we know to be true. But that being said, if there's an error, it's to me I have trouble not finding it to be prejudicial because you know, you'll want to find him guilty of something because he just isn't a very, he's you don't want police officers doing this, but if you charge him with something that you don't prove and the jury never even gets to know what you have to prove and you're arguing on mistaken theories of it that troubles me. I would be troubled too. I believe your honor in this case, we did prove that charge both three and four relate to a question that is framed in both the past and present tense. And I would direct the court, of course, to the have you had language, the close and continuing contact, which I do recognize is followed by the are bound by clause, but the are bound by clause does apply here. Even though the contacts may have stopped, he was still very much bound to Garcia and his co-conspirators based on the fact that they had engaged in a conspiracy. What instructions did the jury get on this? I don't have that unfortunately off the top of my head. I don't think they got any instructions on what the question said. I'd have to look back at the record. Yeah, you read it in your closing argument and then you decided what it meant. They argued that it was ambiguous and how was he supposed to know? I think that the jury was able to introduce what the actual question in the SF-86 was to the jury and that a reasonable finder of fact could conclude and the jury's verdict was rational in determining that defendant and Garcia had close and or continuing contact within the last seven years and remained bound by influence, common interests based on the past contacts because indeed, even in 2017, defendant was lying to federal agents due to the fact that he was bound to his co-conspirator for whom he had done quite a bit of favors and breached his duty of loyalty to the government. I would like to address the Gilley case that defendant cites. I apologize for going back and forth between these two issues, but I did have in my notes that in order to distinguish the Gilley case, which is the precedent the defendant points to as her best case here, that case was a case where one, this court did not decide whether a single conspirator or co-conspirator's belief was sufficient to establish a jurisdictional element and two, contrary to what defendant said, that it wouldn't have actually satisfied that element, this court concluded that it did in fact satisfy that element. And I would quote from the case, which is, the evidence sufficiently shows that the gambling business did involve five people for some 30-day period. So that case falls squarely into the FIOLA context where the government shows that the jurisdictional element was met, not withstanding whatever mens rea the defendants might have had. So I think ultimately what this case comes down to is closest to the Second Circuit's decision in Rosa and consistent with the cases both as to the substantive element and as to conspiracy more generally, which is that a meeting of the minds as to a jurisdictional or status element is not required if this court gets there, which it absolutely should not given the way that this has been briefed and argued. One final question regarding counts three and four. What arguments did the parties make below regarding the continuing interest or common interest obligation? Specifically, was that a contested issue? If so, how did the parties handle that in closing arguments or in terms of development of the evidence at trial? I don't believe that that was contested. I believe that what this was a case about was straightforward for the jury and for the way the parties presented it, and that the defendant's argument was the argument on appeal, which is that his contacts just simply weren't the type of contacts that were covered, and therefore he didn't intentionally lie when he failed to disclose them. So I don't believe that anything either below or even on appeal raised that claim. Let me ask you, if someone's like these agents that are always dealing with people that are crossing the border and doing all this, how do they customarily fill these things out? Do you list all your CIs on your SF-86? I do not know if they would list every CI. I think that perhaps there's another question on the form. I don't know if that would qualify as the sort of contact that would be part of this question, but that's another issue that defendant didn't raise below or on appeal, so I haven't really looked into that, Your Honor. I myself fill out this form as part of my employment. I do too, so we all do. We get that. But people that do this kind of work are going to have a lot more contact with foreign people than the people that are crossing the border. Well, I agree, and I think that ultimately... People that are crossing the border and people of illegal status and people... all sorts of things. I kind of don't think that... I'm betting the agents don't list every case that they have. They could be... I don't know. I just don't think so. I would take that same bet, Your Honor, and I would bet they don't, because I think that they construe this question the same way the jury rationally would have here, which is that it's directed towards personal contacts, not professional. And the reason defendant and Garcia had a personal contact was because their professional relationship was purely a ruse in order to commit a crime. And ultimately, that's why this court should affirm. I would ask it to do exactly what the jury did, which is to find that defendant was a corrupt federal agent who should be held accountable for abandoning his duty and his loyalty to his country and instead choosing... Is that a specific crime with elements? That is not the crime with which he was charged. I don't know. I don't believe that's a specific crime, but it is the crime that he... I can't disagree with you on that point, but I think my inquiry has to be a little more than the fact that he was a corrupt federal agent. Well, it does relate specifically to Count 2, Your Honor, which was the crime that actually does punish people who have a divided loyalty and abuse their power by acting as the agent for someone else. And I think that he also committed the crimes with which he was charged in Counts 1, 3, and 4. Well, how was he an agent? He was an agent when he did the work for Garcia of calling up the Border Patrol agents and officers and asking them to grant Garcia benefits to which he was not entitled. Just as a sports agent or a movie agent might call someone up and ask for his client to receive benefits that he maybe could or could not otherwise get himself. Here, defendants... Did the jury have a definition of agency? No, and defendants didn't request one. And I don't think it's a plain error not to give a definition of a concept, which I think a juror, just like any of us, could have understood to mean the same thing it means in the context of sports or entertainment in California, where an agent does this kind of work of getting benefits for a client. What instructions did they get? What was the instructions the jurors got? As to Count 2, I think it was just track the language of the statute because there were three discussions as to what the instruction would be. And each time the defendant attempted to preserve some argument as to what instruction he was going to propose and ultimately didn't propose any. So the court went with the instruction the government proposed, which tracked the language of Section 205. And granted, Your Honor, that's not a statute that's often prosecuted, but that's the statute that firmly did apply here, or one of the statutes that was properly prosecuted. Okay, thank you. We've taken you over, but I'll give you two minutes on rebuttal. But if you could address the agency argument, that would be helpful to me. Yes, Your Honor. Your Honor just asked the government what instruction the jury got. They simply, as the government said, they got the language of the statute, the word agent with no explanation. But also at two places, the government in closing arguments said it was the same as assistance, which is under O'Neill. That's not correct. It was at ER 1157 and 1214. The government said he helped him. He helped Garcia, therefore he was an agent. And that's not consistent with this court's precedence under Bonds and the restatement to be under O'Neill. You have to an agent has to be subject to the principal's control of the principal. And under Bonds, not only that, the agent and the principal have to agree that the agent will be subject to the principal's control, even if there were payment, which the government has not shown any non-speculative evidence that there was any payment ever. But in Bonds, there was some payment. Barry Bonds paid something. He said, this is my friend. He's helping me do these tests, blood tests. And I gave him some money every once in a while because I felt like he was helping me out. That wasn't enough to create agency. Even if some limitation on the relationship is imposed by the principal, that's still not enough either under Bonds and the restatement. You need to have that there was an agreement between the principal and the agent that there was a control. I also would like to address the apparent agency and ratification. Under O'Neill and the statute 205A2, the core harm that Congress intended to get at was official influence. There has to be actual control or influence of a government agent. Apparent authority and ratification really only deal with not with actual influence or real agency, but whether a putative principal can be held liable for misdeeds of the agent or things like that. That's not what's really being targeted. That's not what 205 is aiming at. It's aiming at misuse of authority. If Mr. Cisneros were really subject to the control of a person on the outside, then there would be that actual misuse of his influence on behalf of another person. That's not a question of apparent authority or ratification. Let me ask you this really quickly because I know we've gone over. In terms of the prosecution is urging us to decide this case as it was tried. In terms of as you presented this and as it was tried, which counts are you arguing are insufficiency of the evidence and which counts are you arguing are error and should be reversed because the error was judicial? I argue that all of them are insufficiency of the evidence and count two, there was also an erroneous jury instruction on agency. The jury was never instructed on the jury instruction on agency. So there's that argument too. But I believe that all of the counts be reversed for insufficient evidence. All right. Do either of my colleagues have any additional questions? Not me. Thank you. Mr. Alden, I just wanted to clarify on the SF-86. The court suggested that perhaps the language calls on the court to consider the conduct of the defendant on the day that he completed the SF-86. Why do you or do you or do you not adopt that approach and if not, why not? If it is on the day of the form was filled out, what evidence is there that the relationship with Mr. Garcia qualified and was required to be reported on that particular day? Thank you, Your Honor. The question was posed to defendant in 2014, August of 2014, and said, do you have or have you had close and or continuing contact? So I think that the question asks about close and or continuing contact over the last seven years. I do agree that then the question goes on to ask with whom you are bound by. So my reading of the question is that the close and or continuing contact can be in the past, but the binding nature of that or influence or common interest nature must be in the present and the evidence supporting the fact that he was still bound to Garcia in August of 2014 despite the fact that the contacts concluded in January 2014. I don't quite get the judge's question. What did the judge tell the jury? Did the judge say on the day? I don't believe that. I don't actually know the answer because that was not disputed, but the fact is that in August of 2014 they were still bound by the conduct that preceded. Did you want to ask additional questions on that? I'm not sure that's what the SF-86 means. If it's calling on the reporter to list relationships that exist on the day because of the predicate in the past seven years, but assuming that this court decides that's what it's called for here, what is the evidence to support that finding that there was sufficient evidence to support a conviction on the misrepresentation on the SF-86? The reason that their relationship was still continuing to be bound by this common interest or influence is that it's indicated by what happens two years later, in fact, in 2016 when Garcia, working for the federal government, goes back to Defendant and asks if he will help again. And Defendant agrees to do it again, showing that all throughout this period they were still bound by what they had done to the point where Defendant was still actually willing to replicate that. Okay. I'm going to say something. It's my fault, okay? Normally we don't ask the government questions last, but I didn't realize that my colleague had a question and I passed it over. Because generally the last word gets to the appellant. If there's anything about what he just  Your Honor, if we're having this much trouble figuring out the meaning of that question on the SF-86 form, I think that showed that it was fundamentally ambiguous. How is Mr. Cisneros, who's not even a lawyer, supposed to wade through this thicket? And then how would it be just to convict him of intentionally and willfully falsifying this when there are so many questions here, even to us as trained lawyers on the meaning of this very complicated, opaque term? He didn't list anyone else. It's not like he listed other people and left off Garcia. Okay, thank you. Thank you both for your arguments and helpful arguments in this matter. This matter will stand submitted. The Court's going to take a short recess for like 10 minutes and then we'll go on to the remainder of the calendar.
judges: Callahan, Nguyen, Kane